## STATE v. NIXON
No. 3954.
Circuit Court, Seminole County.
July 18, 1972.

Abbott M. Herring, State Attorney, for the state.

Chandler R. Muller, Winter Park, for the defendant.

DOMINICK J. SALFI, Circuit Judge.

This case came on to be heard on a motion to suppress the evidence of a search that was conducted by law enforcement officials pursuant to a search warrant obtained as a result of an affidavit sworn to by a Michael Dennis Richards, special agent for the Florida Department of Law Enforcement. The pertinent portions of the affidavit are as follows —

"Your affiant has been informed by a reliable informer whose information has been found to be reliable in the past that on March 9, 1972, he purchased four sugar cubes of LSD from an occupant of the house known only to the informer as "Jerry." Your affiant conducted a field test to determine the existence of LSD in the sugar cubes and the test proved to be positive. On subsequent dates, the last of which was March 24, 1972, the informer told your affiant that he observed the presence of other prohibited drugs in the form of Cannabis, commonly known as Marijuana, within the said premises and being used by an occupant thereof known as "Wes." The occasions where the informer observed or bought prohibited drugs were in the day time and the night time. Each time your affiant's informer has been in the above described premises, prohibited drugs have been observed by him. Your affiant in therefore positive that prohibited drugs are on the premises."

A search was conducted which resulted in the finding of marijuana, narcotic paraphernalia, and other hallucinogenic drugs.

To this search warrant the defendant has filed a motion to suppress evidence which sets forth the following grounds —

1. Probable cause did not exist for the above mentioned search.

2. The property seized is not that described in the warrant.

3. There was not probable cause for believing the existence of the grounds on which the warrant was executed.

Rule 1.190 of the Florida Rules of Criminal Procedure sets forth the criteria to be used by a court in determining the sufficiency of a pre-trial motion. The rules require that the motion "shall state the ground or grounds on which it is based."

Rule 1.110 (h)(1) sets forth basic areas where a court may suppress evidence obtained through unlawful search and seizure —

1. The property was allegedly seized without warrant.

2. The warrant is insufficient on its face.

3. The property seized is not that described in the warrant.

4. There was not probable cause for believing the existence of the grounds on which the warrant was issued.

5. The warrant was illegally executed.

The spirit of these rules is not complied with by merely having a defendant parrot back the broad general areas that the fruits of a search may be suppressed. Where a defendant in good faith is challenging a "search," he is required to set forth the specific defect.

For example, in the instant case the defendant should have alleged —

"The warrant and affidavit are insufficient on their face because there is a failure on the part of the affiant to allege *facts* upon which he was entitled to rely upon the 'reliable informant.' "

Of course other grounds could have been alleged with the same degree of specificity thereby permitting the state and the court to be appraised of the area of attack. The state is then in a position to properly prepare for the hearing (i.e., evidential, non-evidentiary, what witnesses or what law to be argued) or to concede the validity of the motion, thereby saving the court and the entire judicial system some of its very precious time.

The motion filed in the instant case is not legally sufficient to meet this test and for that reason alone should be denied on its face.

Because of the unawareness of counsel for the defendant of this court's views on this matter and further, because of this court's desire to decide the merits of this matter, this court will overlook the deficiency of the motion and consider the matters raised at the evidentiary hearing and the law argued thereafter.

Without tracing all of the decisions on the law of search and seizure within the last fifteen years, let us state that there are little, if any real ground rules that have been consistently recognized by the appellate courts in this country, in this area. The sadness of this realization is emphasized when one recognizes the impact of the "exclusionary rule doctrine" upon the criminal law process of our country.

In essence, any evidence that is obtained through an unlawful search and seizure is totally and completely excluded from *ever* being used as evidence against anyone who could raise the constitutional privileges of the fourth amendment to the United States Constitution, i.e., as if the incriminating evidence never was in the possession of the accused. This is a court made rule and has been under attack as being unusually harsh and somewhat blind in its application when considered in the light of law abiding society as a whole, and the subsequent victim of a criminal act specifically.

However, such a rule could be tolerated if a clear and concise set of ground rules were imposed which would permit those responsible for enforcing the law to apply with some degree of certainty. The courts have failed to supply such a set of rules.

In an attempt to begin, we must first recognize the principle that requires the "right." One can easily see that we do not want police officers running in and out of our homes at their own leisure without restriction. Also, one can easily see that we do not want to let a person have a sanctuary where he can, with total immunity, violate the laws of our society, making brief excursions out into the streets to make life unbearable for all law abiding citizens. So we must compromise our right to be secure in our homes when law enforcement has — "reasonable grounds to believe that a crime is being committed at that home, or has reasonable grounds to believe that there is evidence pertinent to a criminal act in that home." This has been referred to as "probable cause."

Without getting fully into a discussion of this very flexible concept, let us discuss one of the two types of searches — the search with a warrant.

When a defendant attacks a search with a warrant on the basis that there is not sufficient probable cause, does the state have to put on witnesses, or must the warrant rest solely upon its face? This question, as fundamental as it seems, has not been completely answered in our state today.

Very competent counsel on each side did not know how to treat this type of hearing. Suffice it to say, that testimony is taken, but this court is of the opinion that *where a search warrant is obtained the probable cause upon which it is based must appear within the four corners of the warrant* and no testimony should be permitted by the state or the defendant to support or defeat the warrant. Any weaknesses in the facts not supporting probable cause should inure to the benefit of the defendant. Any overstatement by the affiant should be dealt with by penalty inflicted on the affiant in a subsequent proceeding but should not affect the validity of the search.

In order for this doctrine to work the affiant must be required to set forth facts, for which, if false, he would be held accountable. This is not a difficult rule to follow where the affiant testifies of his own direct knowledge and he sets forth facts, not conclusions, to support his knowledge. This knowledge can be hearsay if the affiant actually heard it, for he would be just as vulnerable to prosecution for falsely stating something be heard from another person as he would be for stating something he saw or did. Also, an affiant can state conclusions as to the general reputation of individuals and establishments, as to prior related criminal activity or behavior and set forth facts upon which he bases these reputations, for this also is subject to subsequent inspection or verification.

Now, there is a problem in the area of a "confidential informant," i.e., one who gives information but his identity cannot be disclosed or else his person may be in jeopardy or other criminal proceedings may be impaired. This concept has caused courts and law enforcement officials very great problems.

A single set of rules can help the area. Where a confidential informant must be used to obtain probable cause, the affiant should be required to state the reason, in as specific terms as he can, why the confidentiality of the informant must be maintained *at the time of the affidavit*. Next, the affiant must set forth something of his prior association with the informant, again in as specific terms as he can, which would lay a predicate or the affiant's reliance upon this information. With these requirements in the affidavit the affiant can be called to task subsequently if he overstates his position under oath, and at the same time the identity of the informant can remain undisclosed and the forces of law and order can utilize him further in their efforts to curb crime.

Now, of course, if the criteria set forth above for the use of a confidential informant is not necessary in the establishment of probable cause, then the warrant would still be sufficient based upon the personal knowledge of the affiant.

In the instant affidavit, the entire matters relied upon were matters told by the "reliable informant," except for the sentence — "Your affiant conducted a field test to determine the existence of LSD in the sugar cubes and the test proved positive." This single act by the affiant would not be sufficient to support a valid search without the testimony of the informant.

In examining the remainder of the affidavit the affiant states no reason why the informant must remain undisclosed. The affiant states that the information of the informant has been found reliable in the past but does not set forth any support for this except that

the informant brought to affiant a substance which tested out to be LSD. There is no way to hold the affiant to subsequent prosecution for falsehood in this affidavit. Obviously therefore, it must fall.

Now, as I indicated earlier in this opinion, testimony was taken and the testimony showed that the reliable informant was a police officer who took the stand and testified at the evidentiary hearing. No evidence was put on as to why the informant could not be disclosed at the time of signing the affidavit but could be disclosed at the hearing on the motion to suppress. In addition, the testimony revealed that the informant did appear before the committing magistrate when the affidavit was signed and the warrant obtained. Finally, the evidence showed that the affiant had no real basis to rely upon the information of the informant in that their only prior contact, except for the alleged March 9th buy, was a one hour surveillance at an undisclosed time and place.

Now, it is not difficult to legally grant this motion to suppress but it is never easy to grant a motion to suppress when a court realizes that the search was successful and the contraband recovered was exactly as set forth in the warrant. The law enforcement officers in the instant case had some alternatives open to them, the easiest of which would have been to let the informant be the affiant or co-affiant which would have met the test of probable cause.

This opinion is being written in an effort to more clearly set forth some of the basic ground rules in the area of search warrant law and to help fulfill a court's responsibility to the criminal justice system.